IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 05cr385-1 |
| | ) | |
| JELANIE SOLOMON | ) | |

**MEMORANDUM ORDER**

Presently before the Court is the MOTION TO SEVER filed by defendant Jelanie Solomon, and the opposition thereto filed by the government. The matter has been fully briefed by the parties and is ripe for disposition. For the reasons that follow, the motion will be denied.

A motion for severance is addressed to the sound discretion of the trial court. *United States v. Boscia*, 573 F.3d 827, 832 (3d Cir.), *cert. denied,* 436 U.S. 911 (1978). When considering a motion to sever, a court must engage in a two-part inquiry. First, the court must determine whether the defendants were properly joined under Rule 8(b). Then, the court must consider whether joinder substantially prejudices any defendant under Rule 14.

**A. Joinder**

The joinder of defendants in a criminal proceeding is governed by Federal Rule of Criminal Procedure 8(b), which provides as follows:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b).

There exists a preference in the federal system for joint trials of defendants who are indicted together. *See Zafiro v. United States,* 506 U.S. 534 (1993). Joint trials "play a vital

role in the criminal justice system." *Id.*  In fact, the United States Supreme Court has repeatedly approved joint trials because such trials promote efficiency and "serve justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.*  "Generally speaking, where several defendants are jointly indicted they should be tried together," particularly where the charges against them arise out of the same series of acts or transactions.  *Id.*

The Court finds and rules that the acts alleged in the Superseding Indictment all arise out of common objectives sought to be accomplished by the criminal enterprise allegedly organized by Defendant Solomon and, therefore, defendants are properly joined under Rule 8(b).[1]

### B. Prejudice

The Court must now consider whether, under Rule 14, the joinder of Defendant with his charged co-defendant is prejudicial.  *Schaffer v. United States,* 362 U.S. 511, 515 (1960). Defendant contends that he will be denied his right to a speedy trial, guaranteed by the Sixth Amendment of the United States Constitution, unless separate trials are ordered.  Defendant Solomon's argument is based on the fact that his co-defendant, Claron Hanner, has sought, and been granted, an extension of time until December 11, 2006, to file pretrial motions.  "Mr. Solomon . . . requests that he be brought to trial within the statutory time period after the resolution of his pretrial motions as  though co-defendant Hanner did not file a request for an extension of time to file pretrial motions."  Mot. at 3.

---

[1]   The Court notes, however, that Defendant does not challenge the propriety of joinder in this case or that his acts did not arise out of a common plan or scheme shared with the acts of the other defendant.  Rather, Defendant's sole argument for severance is his desire to have a speedy trial.

The right to a speedy trial is necessarily relative; it is consistent with some delays and depends upon the circumstances. *See Beavers v. Haubert,* 198 U.S. 77, 87 (1905). The Court finds and rules that the extension granted to co-defendant Hanner in which to file his pre-trial motions is justified, is not significant, and will not result in the inordinate delay in the prosecution of this case against either of the defendants.

Further, the Court finds that Defendant Solomon has not suffered any prejudice as a result of the minimal delay in this case. Specifically, Defendant Solomon is currently incarcerated on a state court sentence; therefore, his pretrial detention in this case does not materially change his circumstances.

In sum, the Court finds and rules that Defendant Solomon has not met the heavy burden of showing that substantial prejudice will result from being tried with his co-defendant. Accordingly, Defendant's motion to sever is denied.

So **ORDERED** this 3rd day of November, 2006.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Tina O. Miller,
Assistant U.S. Attorney
email:  tina.o.miller@usdoj.gov

Leo M. Dillon,
Assistant U.S. Attorney
email:  Leo.Dillon@usdoj.gov

Martin A. Dietz, Esquire
Email: MDietzEsq@aol.com

Robert E. Stewart, Esquire
Email: restjs@msn.com

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic, ESquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com