IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 05cr385 |
| | ) | |
| JELANI SOLOMON | ) | |
| CLARON HANNER | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants have filed the following suppression motions, to which the government has responded:[1]

•   MOTION TO SUPPRESS INTERCEPTED MAIL filed by Defendant Jelani Solomon (Document No. 235); and

•   MOTION TO SUPPRESS EVIDENCE SEIZED FROM CRICKET COMMUNICATIONS AND CELLULAR TELEPHONE 412-628-5290 filed by Defendant Claron Hanner (Document No. 275).[2]

The government contends, *inter alia,* that Defendants, who did not file Affidavits in support of their respective motions, have failed to adduce any evidence to substantiate their allegations and, therefore, this Court should deny the motions without a hearing. While the Defendants' motions could have been more thorough, for the reasons discussed below, the Court finds that the motions suffice to raise issues of fact which necessitate a hearing.

---

[1]   The government filed an Omnibus Response at Document No. 324.

[2]   Defendant Hanner has filed a Reply (Document No. 383) to the government's response, to which the government has filed a Sur-Repy (Document No. 392).

**MOTION TO SUPPRESS INTERCEPTED MAIL**

Defendant Solomon contends that "the government has seized and obtained a significant amount of mail that was either sent by or to Mr. Solomon while he was an inmate at various penal institutions without Mr. Solomon's consent." Defendant Solomon argues that the search and seizure of his mail was in violation of his constitutional rights under the Constitution of the United States because (i) the mail was searched and seized without a search warrant; (ii) the mail was searched and seized before a search warrant was issued for it; (iii) the mail was seized without sufficient probable cause or exigency; and (iv) Defendant Solomon did not consent to the search or seizure of the mail.

In response, the government contends that neither Jelani Solomon, nor any other federal or state prisoner has any reasonable expectation of privacy in his non-privileged correspondence. For example, federal regulations require Bureau of Prisons staff to open and inspect all incoming general correspondence, and staff are permitted to read and inspect all outgoing mail from pre-trial inmates. *See 28 C.F.R. § 540.2, et seq.* The Commonwealth of Pennsylvania likewise provides for inspection of non-privileged inmate correspondence. In state correctional facilities, incoming mail is opened and examined and outgoing mail <u>may</u> be examined where there is reason to believe that it may reveal illegal activity. *See* 37 PA Code § 93.2 (emphasis added). In county jails, incoming and outgoing mail <u>may</u> be examined for contraband and <u>may</u> be read by the warden if reasonable grounds exist to believe that receipt of the mail is likely to jeopardize prison security or public safety and welfare, or both. 37 PA Code § 95.234 (emphasis added).

The Court finds that the record as it currently stands does not contain sufficient facts regarding the incoming and outgoing mail that was searched and seized or the purpose(s) for its search or seizure. Therefore, there is an insufficient evidentiary basis for the Court to make a ruling at this juncture. Additional facts must be presented and argued for the Court to make a ruling. An evidentiary hearing is scheduled on **April 2, 2007 at 9:30 a.m.**

### MOTION TO SUPPRESS EVIDENCE SEIZED FROM CRICKET COMMUNICATIONS AND CELLULAR TELEPHONE 412-628-5290

Defendant Hanner requests the Court to suppress (i) records seized pursuant to a search warrant for subscriber information and detailed call records for Cricket Communications and Cellular Telephone 412-628-5290 and (ii) information obtained from a warrantless search of the same cellular telephone, which produced a list of incoming, outgoing and missed calls, as well as recorded voice mail messages.

For the same reasons that Defendant Solomon's request to suppress cellular phone records evidence was denied, the request of Defendant Hanner to suppress the records seized pursuant to a search warrant for subscriber information and detailed call records for Cricket Communications and Cellular Telephone 412-628-5290 is **DENIED**. Case law is clear that Defendant has no legitimate expectation of privacy for phone records maintained by a third party. *See Smith v. Maryland*, 442 U.S. 735 (1979); *United States v. Grabow*, 621 F. Supp. 787 (D.C. Colo. 1985) (the records were those of the phone company and the Defendant as subscriber has no Fourth Amendment expectation of privacy in such records.)

As to Defendant Hanner's request to suppress the information obtained from the warrantless search of the actual telephone, the Court has serious reservations as to whether Defendant Hanner has either a property interest or a legitimate expectation of privacy in the subject cellular telephone. Apparently, Defendant Hanner is not listed as the subscriber of the cellular telephone and the records from Cricket Communications apparently do not list Defendant Hanner as an authorized user of the telephone.

However, Defendant Hanner has requested a hearing on the matter and contends that "he will establish through testimony his standing to challenge the search of the cellular telephone." In an abundance of caution, the Court will grant Defendant Hanner's request for a hearing.

An evidentiary hearing is scheduled on **April 2, 2007,** immediately following the conclusion of the hearing on Defendant Solomon's Motion to Suppress Intercepted Mail.

So **ORDERED** this 26th day of March, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Tina O. Miller , Esquire
        Assistant U.S. Attorney
        Email: tina.o.miller@usdoj.gov

        Leo M. Dillon,
        Assistant U.S. Attorney
        Email: Leo.Dillon@usdoj.gov

        Martin A. Dietz, Esquire
        Email: MDietzEsq@aol.com

        Robert E. Stewart , Esquire
        Email: restjs@msn.com

        Caroline M. Roberto, Esquire
        Email: croberto@choiceonemail.com

        Jay T. McCamic , Esquire
        McCamic, Sacco, Pizzuti & McCoid, PLLC
        Email: jtmccamic@mspmlaw.com