IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | 02: 05cr385-01 |
| ) | |
| JELANI SOLOMON ) | |

**MEMORANDUM ORDER**

Defendant Jelani Solomon has filed a MOTION TO PROHIBIT ANY REFERENCE TO THE FIRST PHASE OF THE PROCEEDINGS AS THE GUILT PHASE, with brief in support (*Document Nos. 342 and 343*), to which the government has responded (*Document No. 388*).

Defendant requests that the parties and the Court refrain "from referring to the first phase of this bifurcated proceeding as the 'guilt phase' or to otherwise use the word 'guilt' as a descriptor for that part of the proceedings at which Mr. Solomon is adjudicated guilty or not guilty." Mot. at ¶ 6. Defendant suggests "that the first phase of proceedings be referred to as the 'trial or merit phase'; and the second phase be referred to as the 'mitigation phase'." *Id.*

In its response, the government points out that it "cannot envision when there would be an occasion for counsel to use this terminology in front of the jury [and that] the government is confident that whatever terminology this Court chooses, it will appropriately describe the proceedings to the jury." Response at 2. The government does object, however, to the "penalty phase" being referred to as the "mitigation phase."

The Court observes that the Federal Death Penalty Act recognizes the requirement of a two-step stage in the prosecution of a capital case. First the "trial phase," and if the jury convicts the defendant of a capital offense, then the requirement for a separate sentencing

phase. *See* 18 U.S.C. § 3593.  While the Court agrees with the government that it cannot envision an occasion when either the Court or counsel would use the term "guilt phase" in front of the jury, in an abundance of caution, the Court will grant Defendant's request for the Court and all counsel to hereinafter refer to the first phase of these proceedings as the "trial phase."

Defendant's request, however, to refer to the second phase of these proceedings, should we reach that point, as the "mitigation phase" is denied.  Rather, the second phase of these proceedings shall hereinafter be referred to as the "penalty phase."

So **ORDERED** this 24th day of April, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Tina O. Miller , Esquire
Assistant U.S. Attorney
Email: tina.o.miller@usdoj.gov

Leo M. Dillon,
Assistant U.S. Attorney
Email: Leo.Dillon@usdoj.gov

Martin A. Dietz, Esquire
Email: MDietzEsq@aol.com

Robert E. Stewart , Esquire
Email: restjs@msn.com

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic , Esquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com