IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | 02: 05cr385 |
| ) | |
| JELANI SOLOMON ) | |

**MEMORANDUM ORDER**

Presently before the Court for disposition are the following motions filed on behalf of Defendant Jelani Solomon:

• MOTION TO DECLARE LETHAL INJECTION UNCONSTITUTIONAL IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION (*Document No. 365*);

• MOTION FOR LETHAL INJECTION DISCOVERY filed by Defendant Jelani Solomon (*Document No . 366*); and

• The government's joint RESPONSE to the above motions *(Document No. 371)*.

In Defendant's first motion, he argues that the penalty of lethal injection constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

This exact argument was raised, addressed, and rejected by Chief Judge James P. Jones in *Bell v. True*, 413 F. Supp.2d 657, 737 (W.D. Va. 2006), a habeas case. In that case, Chief Judge Jones noted:

> [T]hirty-seven states and the federal government authorize execution by lethal injection, and I am aware of no court decision, federal or state, that has found execution by lethal injection unconstitutional. *See Reid v. Johnson,* 333 F. Supp.2d 543, 552 (E.D. Va. 2004) (*citing Cooper v. Rimmer*, 379 F.3d 1029, 1033 (9th Cir. 2004)). Indeed, the several state and federal courts that have considered the issue have concluded that lethal injection is constitutional. *See, e.g., LaGrand v. Lewis*, 883 F. Supp. 469, 470-71 (D.Ariz. 1995) (finding lethal injection constitutional and citing several other cases that have so held), *aff'd,* 133 F.3d 1253 (9th Cir. 1998).

Further, as Judge Henry Hudson of the Eastern District of Virginia noted in *Reid*:

> [I]n order to ultimately demonstrate a violation of . . . rights under the Eighth Amendment, [a defendant] must show that there is substantial risk that he will be subjected to "an unnecessary and wanton infliction of pain," *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991), "contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). "Traditional deaths by execution, such as by hanging, have always involved the possibility of pain and terror for the convicted person." *Gray v. Lucas*, 710 F.2d 1048, 1061 (5th Cir. 1983) (rejecting claim that death by cyanide gas which could last seven minutes and be extremely painful, violated the Eighth Amendment); *see also Campbell v. Wood,* 18 F.3d 662, 683-87 (9th Cir. 1994) (holding that death by hanging is not cruel and unusual even if it involved some pain).

*Reid*, 333 F. Supp.2d at 553.

In *Bell,* Chief Judge Jones also recognized that "[d]eath by execution has always involved the possibility of pain and terror, and . . . our evolving standards of decency may at times require reassessment as to what degree or length is tolerable . . . ." 413 F. Supp.2d at 737. The Court finds however, that it does not appear that such an assessment is proper in this case at this time.

As the government argues, should Defendant Solomon be convicted and sentenced to death, there are methods for him to challenge any prospective execution, including appeal, habeas relief, and/or a *Bivens* action challenging the specifics of his execution. *See Hill v.*

*McDonough*, -- U.S. --, 126 S. Ct. 2096 (2006) (permitting a suit under 42 U.S.C. § 1983 - the *Bivens* equivalent for state prisoners - to challenge a method of execution); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 415 (1971) (creating federal cause of action for certain constitutional violations by federal actors); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing *Bivens* claim for an Eighth Amendment violation); *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) ("challenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241"). Further, challenging the execution of a sentence on the basis of an alleged constitutional violation does not remove it from review under § 2241. *See Little*, 392 F.3d at 679.

Significant to the resolution of the pending motions is that Defendant Solomon's trial has not yet been held. Jury selection is scheduled to commence on September 4, 2007. Thus, Defendant Solomon has not yet been convicted, much less sentenced. That being the case, the Court finds and rules that any challenge to the constitutionality of a possible sentence that might be imposed in the future simply is not ripe at this time.[1]

So **ORDERED** this 25th day of April, 2007.

BY THE COURT:

s/Terrence F. McVerry

---

[1] In his second motion, Defendant Solomon requests a wide array of discovery related to the information possessed by the Commonwealth of Pennsylvania Department of Corrections and/or the United States with regard to lethal injection policies. The Court need not address this motion because, for the reasons stated in this Memorandum Opinion, it too is simply not ripe at this time. Therefore, Defendant's Motion for Lethal Injection Discovery is denied without prejudice.

                                        United States District Court Judge

cc:       Tina O. Miller , Esquire
           Assistant U.S. Attorney
           Email: tina.o.miller@usdoj.gov

           Leo M. Dillon,
           Assistant U.S. Attorney
           Email: Leo.Dillon@usdoj.gov

           Martin A. Dietz, Esquire
           Email: MDietzEsq@aol.com

           Robert E. Stewart , Esquire
           Email: restjs@msn.com

           Caroline M. Roberto, Esquire
           Email: croberto@choiceonemail.com

           Jay T. McCamic , Esquire
           McCamic, Sacco, Pizzuti & McCoid, PLLC
           Email: jtmccamic@mspmlaw.com