IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 05cr385 |
| | ) | |
| JELANI SOLOMON | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the SECOND MOTION TO SUPPRESS JAIL CALLS filed on behalf of Defendant Jelani Solomon (Document No. 566), to which the government has responded. (Document No. 579).

In this motion, Defendant requests the Court to suppress evidence of recorded outgoing telephone calls which he made to various recipients while an inmate at the Washington County Correctional Facility ("WCCF").  Defendant contends that his phone calls were intercepted by the jail in violation of his constitutional rights because "(i) the calls were searched and /or seized without a search warrant or valid authorization to intercept the calls; (ii) the calls were searched and/or seized before a search warrant was issued for it; (iii) the calls were seized without sufficient probable cause or exigency;  (iv) [Defendant] did not consent to the search or seizure of the calls; and (v)  interception of the calls involving Mr. Solomon and his counsel and any use of the calls would violate the attorney-client privilege."

Defendant clearly must recognize that any privacy interests which he may have in telephone calls placed from a jail facility are tenuous.  *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) (recognizing the diminished rights of those in and visiting prisons).  However, Defendant contends that there is no evidence that the WCCF, in which he is housed, had a formal, published policy that Defendant's outgoing telephone calls would be monitored and/or

recorded. However, based on the evidence produced by the government in response to this motion, the Court finds that Defendant's arguments are without merit.

The government has produced recordings of multiple conversations between Defendant Solomon and his mother, which calls were initiated by Defendant Solomon from the WCCF. On the recordings, prior to the parties beginning their conversation, a recorded message is clearly heard which advises that the call is subject to monitoring and recording.[1] Both the inmate and the recipient of the call must hear the message in order to proceed with the call. Moreover, both Defendant Solomon and his mother make reference on numerous occasions on the recordings that the telephone calls are being monitored and/or recorded. It is evident from the phone recordings that inmates at WCCF are provided with considerable notice that all of their outgoing telephone calls may be monitored and recorded.

The Court finds and rules that the record reflects that Defendant Solomon clearly received notice of the WCCF policy of monitoring and recording outgoing telephone calls of inmates and, thus, had no reasonable expectation of privacy in his non-attorney telephone calls made from that facility. As this Court found in its Memorandum Opinion and Order of March 26, 2007, regarding telephone calls made from State Correctional Institution ("SCI") Mercer and SCI Mahoney, the Court finds and rules that Defendant Solomon has no reasonable expectation of privacy in his non-attorney telephone calls made from the WCCF and as such, no consent by the Defendant was needed, nor was a search warrant (or probable cause) needed to

---

[1] "You have a collect call from [Jelani], at the Washington County Prison. This call may be monitored or recorded. To accept the charges for this call press 1. . . . " *See Exhibit 1.*

obtain recordings of his jail calls.   Therefore, there was no violation of the Fourth Amendment, and Defendant Solomon's Second Motion to Suppress Intercepted Jail Calls is **DENIED**.

Defendant Solomon has also raised an issue regarding attorney/client phone calls.  In response, the government acknowledges that the original CD which was provided by the WCCF contained phone calls from Defendant Solomon to the phone number of one of his attorneys. The government has represented to this Court that those calls and that CD was <u>not</u> reviewed by counsel for the government.  Furthermore, upon being advised of these recordings, the government returned the original CD to the WCCF .  A new CD, with no attorney calls, was then provided to the government by the WCCF.

The government represents that it currently is not in possession of any recordings between Defendant Solomon and any of his attorney(s) nor does the government intend to use or reference any such recorded calls at the trial.  Based on these representations, the Court finds that it is not necessary to further address this additional issue.

So **ORDERED** this 13th day of September, 2007.


BY THE COURT:


s/Terrence F. McVerry
United States District Court Judge

cc: Tina O. Miller , Esquire
Assistant U.S. Attorney
Email: tina.o.miller@usdoj.gov

Martin A. Dietz, Esquire
Email: MDietzEsq@aol.com

Robert E. Stewart , Esquire
Email: restjs@msn.com

Anthony L. Ricco, Esquire
Email: tonyricco@aol.com