IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | 02: 05cr385 |
| ) | |
| JELANI SOLOMON ) | |

**MEMORANDUM ORDER**

Presently before the Court is the DEFENDANT, JELANI SOLOMON'S, WAIVER OF SENTENCING OPTION (*Document No. 675-1*).  For the reasons that follow, the Defendant and his counsel will not be permitted to waive the sentencing option of "a lesser term of years in this case."

On Sunday, October 28, 2007, at 11:41 AM, less than twenty-four (24) hours before the commencement of the Penalty / Sentencing Phase of this trial, counsel for Defendant have advised the Court that "[t]he defendant, Jelani Solomon, and his counsel hereby waive the sentencing option of 'a lesser term of years' in this case. . . . The defense agrees to proceed with the sentencing phase only having two potential sentences, death or life imprisonment without the possibility of release." Waiver at ¶ 2.   However, counsel have not provided any statutory or case law authority to support the alleged right to waive this alternative sentence nor have they provided the Court with any authority which obliges the Court to permit the waiver to occur.

The Court has serious concerns about the timing and appropriateness of this attempted waiver.  For the following reasons, such a waiver will not be granted in this case.

First, the Federal Death Penalty Act ("FDPA") clearly provides for three (3) sentencing options: a sentence of death, a sentence of life imprisonment without the possibility

of release, or some other lesser sentence.  *See* 18 U.S.C. § 3593(e).  The United States Supreme Court has explicitly instructed that the third option (*e.g.*, some other lesser sentence) is available <u>only</u> when the substantive statute(s) does not confine the sentence to life or death.  *See Jones v. United States,* 527 U.S. 373 (1999).

On October 23, 2007, a unanimous jury convicted Defendant of Count Six of the Superseding Indictment which charged him with using a firearm during and in relation to a drug trafficking crime and causing the death of Frank Helisek, Jr., through the use of that firearm, in violation of Title 18, United States Code, §§ 924(c)(1)(a), 924(j)(1) and 2.

Section 924(j)(1) specifically provides that "a person who in the course of a violation of subsection (c), causes the death of a person through the use of a firearm shall - - if the killing is a murder . . .  be punished by death or by imprisonment for any term of years or for life."  Thus, providing the jury in this case with three (3) sentencing options, as set forth in the FDPA and the substantive offense statute, is clearly appropriate.

Next, Defendant, through counsel, has informed the Court both that he and his counsel plan to waive the third sentencing option. Again, Defendant provides no support or authority for such waiver and the Court, through independent research, has found no authority for the allowance of such a waiver.  However, the Court finds guidance from the decision of the United States Court of Appeals for the First Circuit, which reversed a trial court's decision allowing a capital defendant to waive the requirements of a unitary jury under § 3593.  In an insightful observation, the circuit court ruled as follows:

> Section 3593 sets forth a set of general rules that govern all parties and the court itself.  In those instances in which the statute does create rights that accrue to only one side or the other, the statute is explicit.  For example, section 3593(c) specifies that the government "shall open the argument"

> and the defendant "shall [then] be permitted to reply." So too section 3593(b)(3), which makes specific reference to the ability of the parties jointly to waive certain of the rules (e.g., the right to a sentencing jury). The statute does not offer any such option with respect to the unitary jury rule of subsection (b)(1). <u>The intentional inclusion of a waiver mechanism in one part of the statute persuasively indicates that the exclusion of such a waiver provision in another part of the same statute was intentional</u>. *See Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (describing as "well-settled" the proposition that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" (citation and internal quotation marks omitted)); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 68 (1st Cir. 2002) (explaining that "in harmony with the maxim inclusio unius est exclusio alterius, the explicit provision of remedies within a statute cuts sharply against the implication of [others]"). A federal capital defendant can no more waive the default rule of a unitary jury than the government can waive the rule that requires the court to instruct the jury to disregard the defendant's race.

*United States v. Green,* 407 F.3d 434 (1st Cir.), *cert. denied,* 546 U.S. 962 (2005) (emphasis added). This Court finds that it is "surpassingly difficult to believe" that the FPDA *sub silentio* permits a defendant to waive a sentencing option, which option is required by both the FDPA and the substantive offense statute. *Id*.

Third, attached to Defendant's notice of waiver is the Declaration of David A. Ruhnke, Esquire, who serves as Federal Death Penalty Resource Counsel, dated May 15, 2007. Attorney Ruhnke lists numerous courts which "have limited the jury to a single choice, simply asking juries whether they unanimously agreed on a sentence of death or not." Paragraph 4. However, Attorney Ruhnke provides no authority or explanation why these juries were given a single choice. Furthermore, by his own admission, he concedes as follows: "judges presiding over federal capital cases have generally presented the jury with three penalty-verdict options: (1) a unanimous vote for death; (2) a unanimous vote for life; or (3) a non-unanimous decision

that will result in the imposition of a sentence other than death, usually life without the possibility of release."

Last, the jury empaneled in this case has heard from the Court on numerous occasions that there are three (3) penalty options should the Defendant be found guilty of Count Six of the Superseding Indictment. At this late hour to now inform the jury that there are only two (2) sentencing options would cause confusion and/or mislead the jury. *See* Federal Rule of Evidence 403.

For all the above reasons, the Defendant will not be permitted to waive the sentencing option of "a lesser term of years" in this case.

So **ORDERED** this 28th day of October, 2007.

                                BY THE COURT:

                                s/Terrence F. McVerry
                                United States District Court Judge

cc:       Tina O. Miller,
          Assistant U.S. Attorney
          Email: tina.o.miller@usdoj.gov

          Martin A. Dietz, Esquire
          Email: MDietzEsq@aol.com

          Robert E. Stewart , Esquire
          Email: restjs@msn.com

          Anthony L. Ricco, Esquire
          Email: tonyricco@aol.com