IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2: 05-cr-00385 |
| v. | ) |
| | ) |
| JELANI SOLOMON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court for disposition is the MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE DUE TO BIAS, PREJUDICE, AND/OR IMPARTIALITY IN ACCORDANCE WITH FED. RULES CIVIL PRO. SEC. 455(A) & 144 (ECF No. 841) and the Response in opposition filed by the government (ECF No. 885). After a careful and deliberate review of Defendant's motion and, for the following reasons, the Motion will be denied.

**Background**

By way of background, on March 28, 2006, a grand jury sitting in the Western District of Pennsylvania returned a nine-count superseding indictment against Jelani Solomon and two co-defendants, Wanda Solomon (his mother) and Claron Hanner (his sister's boyfriend), which charged the defendants with various narcotics and firearms offenses. Defendant Jelani Solomon was charged in seven (7) counts as follows: at Count One with Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, from in and around 1999 and continuing to in and around November 2004, in violation of Title 21, United States Code, § 846; at Count Two with Receipt of a Firearm By a Person Under Indictment, in and around 2003; in violation of Title 18, United

1

States Code, § 922(n); at Count Three with Carrying and Using a Firearm in Relation to a Drug-Trafficking Crime, in and around 2003, in violation of Title 18, United States Code, §§ 924(c)(1)(A); at Count Four with Possession of a Firearm By a Convicted Felon, in and around 2003 to January 2004, in violation of Title 18, United States Code, § 922(g)(1); at Count Six with Using a Firearm in Furtherance of a Drug Trafficking Crime and Causing the Death of a Person Through the Use of Said Firearm, on or about January 19, 2004, in violation of Title 18, United States Code, §§ 924(c)(1)(A), 924(j) and 2; at Count Seven with Possession With Intent to Distribute and Distribute Less Than 500 Grams of Cocaine, on January 19 and 20, 2004, in violation of Title 21, United States Code, United States Code, §§ 841(a)(1) and 841(b)(1)(C); and at Count 8 with Possession With Intent to Distribute and Distribute 500 Grams or More of Cocaine, on January 19 and 20, 2004, in violation of Title 21, United States Code, § § 841(a)(1) and 841(b)(1)(A)(iii). As to Count Six, the government sought the death penalty against both Defendant Jelani Solomon and Defendant Hanner.[1]

On October 9, 2007, a jury trial commenced on the merits phase of the charges which concluded on October 23, 2007, after the jury found Defendant Solomon guilty beyond a reasonable doubt on Counts One, Two, Three, Four, Six and Seven of the Superseding Indictment. On November 5, 2007, at the conclusion of the penalty phase of the trial, the jury determined that the Defendant should be sentenced to life imprisonment without the possibility of release at Count Six of the Superseding Indictment. On June 17, 2008, this Court sentenced Solomon to a term of life of imprisonment at Count One; a term of 60 months of imprisonment at

---

[1] Prior to trial, both Defendant Wanda Solomon and Defendant Hanner pled guilty. Wanda Solomon was sentenced to 240 months imprisonment at Count One and Defendant Hanner was sentenced to 120 months imprisonment at Count One and 300 months imprisonment at Count Six all terms to run concurrently.

Count Two, a term of 120 Months of imprisonment at Count Three; a term of 120 Months at Count Four; a term of life imprisonment without the possibility of release at Count Six; and a term of 240 months of imprisonment at Count Seven. The sentences of Counts One, Two, Four and Seven were ordered to run concurrently with the term of Count Six and the term at Count Three was ordered to run consecutively to the life term at Count Six.

Solomon appealed his judgment of conviction and sentence to the United States Court of Appeals for the Third Circuit, which on July 12, 2010 affirmed the judgment of the District Court. *United States v. Solomon*, 387 Fed. Appx. 258 (3d Cir. 2010), *cert. denied*, -- U.S. --, 131 S.Ct. 1622 (2011). On May 16, 2011, the Supreme Court of the United States denied Solomon's petition for rehearing. *Solomon v. U.S.,* 131 S.Ct. 2482 (2011).

On March 6, 2012, Solomon timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* ECF No. 839. On March 15, 2012, Solomon filed the instant Motion for Recusal in which he seeks the undersigned to "recuse or disqualify himself from further proceedings in the matters of <u>Jelani Solomon v. United States</u>, No. 05-385, where the judge's impartiality is clearly questioned." Mot. at 4.

**Discussion**

The decision of whether to recuse lies within the sound discretion of the trial judge. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). There are two federal statutes that dictate the circumstances under which a federal judge should recuse.[2] First, 28 U.S.C. § 144, applicable to federal district court judges, provides that a judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" which illustrates that the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 144. Similar to section 144, section

---

[2] Solomon mistakenly identifies both § 455(a) and § 144 as rules of civil procedure.

455(b)(1) of the same title, applicable to all justices, judges and magistrates of the United States, provides that a judge should recuse if the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 455(b)(1). However, unlike section 144, section 455(b)(1) does not include the requirement of a timely and sufficient affidavit. Furthermore, section 455(a) states that "a judge should no longer preside over a case when 'a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned'."[3] *United States v. Bergrin*, 682 F.3d 261, 282 (3d Cir. 2012), *cert. denied,* -- U.S. ---, 133 S.Ct. 674 (Nov. 26, 2012) (quoting *United States v. Wecht,* 484 F.3d 194, 213 (3d Cir. 2007)) (citation and internal quotations marks omitted). Thus, these statutory provisions provide that there are two reasons for granting a motion for recusal: (i) the judge has a personal bias or prejudice towards a party, *see* 28 U.S.C. §§ 144, 455(b)(1); or (ii) the judge's impartiality might reasonably be questioned, *see* 28 U.S.C. § 455(a).

Solomon asks the Court to recuse itself for the following reasons:

> During the course of [Solomon's] trial the Honorable Judge T. McVerry applied judicial rules that were contrary to the law, delegated authority beyond the scope of the jury's deliberation, refused to rule on questions of law and instead, rule them as fact finding questions, knowingly allowed the jury to deliberate on testimony he believed to be false, was clearly impartial to any mitigation presented by the defense.

Mot. at 2.

"To warrant reassignment under § 455(a), a case generally must involve apparent bias deriving from an extrajudicial source, meaning something above and beyond judicial rulings or

---

[3] "[T]he hypothetical reasonable person . . . must be someone outside the judicial system because judicial insiders . . . may regard asserted conflicts to be more innocuous than an outsider would." *Bergrin*, 682 F.3d at 282, n. 26 (*quoting In re Kensington Int'l Ltd*., 368 F.3d 289, 303 (3d Cir. 2004).

4

opinions formed in presiding over the case." *Bergrin*, 682 F.3d at 282.   However, the Supreme Court of the United States stated in *Liteky v. United States*, 510 U.S. 540, that "[i]t is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the <u>only</u> basis for establishing disqualifying bias or prejudice." *Id*. at 551.  When a party does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *Id.* at 555-56.  "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . [They] can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal." *Wecht,* 484 F.3d at 218 (*quoting Liteky*, 510 U.S. at 555).

Solomon makes no allegations of "extrajudicial" bias, but instead his allegations relate solely to the Court's conduct during the legal proceedings.   The Court finds that Solomon has by no means demonstrated the type of deep-seated favoritism or antagonism that would justify disqualification under the facts and circumstances of this case.

**Conclusion**

Based on the above referenced reasons, the Court will not recuse itself from further proceedings in this matter.  After careful consideration of the submissions of the parties, the Court finds that there is nothing to suggest personal bias or prejudice, nor are there any facts from which a reasonable person with knowledge of all of the facts would conclude that the Court's impartiality might reasonably be questioned. *See generally Cooney v. Booth*, 262 F.

Supp.2d 494, 508 (E.D. Pa. 2003) (*quoting Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)) (noting that it is "vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational, or highly tenuous speculation.").

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2: 05-cr-00385 |
| v. | ) |
| | ) |
| JELANI SOLOMON, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

**AND NOW**, this 7th day of February, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Recusal or Disqualification of Judge Due to Bias, Prejudice, And/Or Impartiality In Accordance with Fed. Rules Civil Pro. Sec. 455(a) & 144 is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Jelani Solomon
      08820-068
      U.S.P. Terre Haute
      P.O. Box 33
      Terre Haute, IN 47808

      Laura Schleich Irwin,
      Assistant U.S. Attorney
      Email: Laura.Irwin@usdoj.gov

      Troy Rivetti,
      Assistant U.S. Attorney
      Email: Troy.Rivetti@usdoj.gov

      Stephen R. Kaufman,
      Assistant U.S. Attorney
      Email: Steve.Kaufman@usdoj.gov